Piedmont Cotton Mills v. Commissioner.
Piedmont Cotton Mills v. Commissioner
Docket No. 104063.
United States Tax Court
1945 Tax Ct. Memo LEXIS 122; 4 T.C.M. (CCH) 693; T.C.M. (RIA) 45232; June 30, 1945
W. A. Sutherland, Esq., for the petitioner. Edward L. Potter, Esq., for the respondent. DISNEY
Memorandum Opinion DISNEY, Judge: This case involves income taxes for the fiscal years ended August 31, 1936, and August 31, 1937. Deficiencies were determined in the respective amounts of $1,610.25 (with delinquency penalty of $80.51), and $305.97. The single issue presented is whether, in determining petitioner's base for allowance of depreciation in the taxable years, there may be included depreciation reported in previous income tax returns and not challenged by the Commissioner, to the extent exceeding amounts properly allowable for such years, and where such amounts did not offset taxable income. [1] All facts have been stipulated, as follows: [The Facts] 1. Petitioner is a corporation chartered under the *123 laws of the State of Georgia in the year 1900. It is engaged in the manufacture of cotton textiles and has its principal office in the town of Egan, Georgia. 2. Petitioner filed its income tax returns on the accrual basis for the fiscal years ended August 31, 1936, and August 31, 1937, with the Collector of Internal Revenue for the District of Georgia, and reported thereon, for the fiscal year ended August 31, 1936, net income of $5,926.92, and for the fiscal year ended August 31, 1937, net loss of $12,415.74. 3. Petitioner, on its returns, reported depreciation in the amount of $31,562.76 for the fiscal year ended August 31, 1936, and in the amount of $30,919.39 for the fiscal year ended August 31, 1937. 4. Respondent disallowed $19,262.17 of the aforesaid deduction for depreciation for the fiscal year ended August 31, 1936, and $18,123.78 of the aforesaid deduction for depreciation for the fiscal year ended August 31, 1937. 5. Respondent did not question the depreciation deductions as reported on its returns by petitioner each year beginning September 1, 1927, and ending August 31, 1935. In arriving at the amount of depreciation allowable for the fiscal years 1936 and 1937, *124 the revenue agent, in computing the depreciation reserve at August 31, 1935, added to the reserve at August 31, 1927, in the amount of $266,426.25, the full amounts of depreciation reported on petitioner's returns for each of the years ended August 31, 1928, to 1935, inclusive, aggregating $182,955.97, as shown in column 3, paragraph 7, below, and computed the allowable depreciation for the year ended August 31, 1936, to be $12,300.59. and for the fiscal year ended August 31, 1937, to be $12,795.61. The reserve for depreciation at August 31, 1927, totaling $266,426.25, is not less on any item than the amount allowable, and the petitioner does not seek to have it reduced. 6. Respondent approved the revenue agent's report and made it the basis of his notice of deficiency from which this appeal was taken. The percentage rates of depreciation used by respondent for the years 1936 and 1937 are correct. 7. The following tabulation shows, (1) year, (2) the net loss after depreciation reported on the returns, (3) depreciation reported on returns, (4) depreciation, computed by use of the basic rates used by the Commissioner for the fiscal years 1936 and 1937, which is conceded to be the *125 depreciation properly "allowable," (5) difference between the two amounts, and (6) consequent increase, if any, which would result in taxable income for the fiscal years ended August 31, 1928 to 1935, inclusive, if there be deducted depreciation properly "allowable" rather than depreciation reported on the returns: (1)
(2)
(3)
(4)
(5)
(6)
Net Loss
After
Deducting
Deprecia-
Deprecia-
tion Re-
tion Re-
Allowable
Difference
Increase
Fiscal
ported on
ported on
Deprecia-
between
in Taxable
Year
Returns
Returns
tion
(3) and (4)
Income
1928
$59,410.62
$ 20,899.28
$ 14,277.90
$ 6,621.38
None
1929
17,051.14
30,295.98
15,626.77
14,669.21
None
1930
45,944.14
24,575.76
16,264.50
8,311.26
None
1931
32,818.32
22,033.44
16,373.32
5,660.12
None
1932
29,563.99
22,033.14
16,452.38
5,581.06
None
1933
5,393.82
22,885.41
16,518.08
6,367.33
$ 973.51
1934
16,836.43
21,561.54
16,196.68
5,364.86
None
1935
37,072.22
18,671.12
15,972.08
2,699.04
None
Totals
$182,955.97
$127,681.71
$55,274.26
$ 973.51
8. As shown in the preceding paragraph petitioner sustained a net loss for each of the respective *126 fiscal years 1928 to 1935, inclusive, except for the fiscal year 1933, even if only the amounts of depreciation for which petitioner contends were deducted on the income tax returns for those years. For the fiscal year 1933 there would have been net taxable income of $973.51 upon which assessment of tax is now barred. 9. The depreciation shown in column (4) of tabulation in paragraph 7 above is computed for the net loss years during the period September 1, 1928, to August 21 [sic], 1935, at rates determined by respondent for the fiscal years 1936 and 1937, which rates are agreed to be the rates properly "allowable" in all of the fiscal years 1928 to 1937, inclusive, but the Commissioner contends that the amounts reported on the returns were "allowed" and that no portion of such amounts reported on the returns for 1928 to 1935, inclusive, now may be restored to the depreciation base. 10. If the Court determines that petitioner, to the extent that it received no tax benefit in such years from the deduction of depreciation in excess of that allowable may recompute its depreciation for the years prior to the fiscal year 1936, as set forth above, and that the amount of $55,274.26 *127 shown in column (5) of tabulation in paragraph 7 above minus $973.51 shown in column (6) of said tabulation, or a net amount of $54,300.75, may be restored to the undepreciated balance of the respective assets at September 1, 1935, the correct allowable depreciation for the fiscal years August 31, 1936 and 1937 will be $16,346.91 and $16,763.03, respectively, and the Court may so enter its order. On the other hand, if the Court determines that depreciation allowed in excess of that allowable and from which petitioner received no tax benefit may not be restored to the undepreciated balances at September 1, 1935, then the correct allowable depreciation will be $12,300.59 for the fiscal year 1936, and $12,795.61 for the fiscal year 1937, and the Court may so enter its order. 11. Prior to his investigation in the fiscal year 1940 of the returns of petitioner for the fiscal years 1936 and 1937, the Commissioner had not questioned the correctness of the depreciation deductions or any other items of income or reduction reported by petitioner on its returns for any of the fiscal years subsequent to the fiscal year 1927. 12. The statute of limitations has run on the assessment of any additional *128 tax or the claiming of any refund for each of the fiscal years included in the period beginning September 1, 1927, and ending August 31, 1935. Upon brief, the petitioner says: If this question is strictly a question of law, and does not depend upon a combination of legal, factual and accounting principles as to which the Tax Court's decision is given unusual weight, it must be admitted that the question has already been determined by the decision of the Supreme Court of *129 the United States in the case of . On the other hand, if the question is one which falls within the scope of the principles laid down in , we respectfully submit that on sound accounting principles the case is clearly one as to which the judgment of this Court should be in favor of the taxpayer's position. We can not agree that the question is one left to us, under the principles enunciated in the Dobson case, supra. Section 114 of the Revenue Act of 1936 provides that the basis for allowance of exhaustion, wear and tear and obsolescence shall be the adjusted basis provided in section 113 (b) for the purpose of determining gain upon sale or other disposition of property; and section 113 (b) provides that such adjusted basis "shall be the basis determined under subsection (a), adjusted * * * for exhaustion, wear and tear, obsolescence, * * * to the extent allowed (but not less than the amount allowable) * * *." Thus, it is clear that there is required an interpretation or definition of the terms "allowed" and "allowable." It is equally clear that in the Virginian *130 Hotel Corporation case, supra, the Supreme Court in no uncertain language interpreted and defined for all the meaning of depreciation "allowed" and "allowable," and expressed its disagreement with the idea which is the nub of petitioner's argument here - that "allowed" connotes the receipt of tax benefit. "But we find no suggestion," the Supreme Court says, "that 'allowed', as distinguished from 'allowable', depreciation is confined to those deductions which result in tax benefits." In the face of such clear and definite concepts, we find no field in the language of the Dobson case for interpretation by us of the meaning of the terms above enumerated and herein involved. As shown in the majority and dissenting opinions in the Virginian Hotel case, the question has received meticulous attention in the Supreme Court, and divergent views have been explored. Interpretation of the crucial terms having then been furnished by the majority opinion of the Supreme Court, the matter is one of law alone, and of law that has been settled, at least until Congress lays down a different rule. We find no error in the determination of the Commissioner. Decision will be entered for the respondent, *131 in accordance with the stipulation filed. Footnotes
1. Considering the language of the stipulation, particularly paragraph 7 thereof, and the terms in which the issue is stated by the parties, we consider them to agree that the amount of excess of "allowed" over "allowable" depreciation in previous years did not serve to offset taxable income, although as did the Supreme Court in Virginian Hotel Corporation, infra, ( footnote 8), we point out that in three of the previous years, 1929, 1933, and 1934, the depreciation reported exceeded the net loss after deducting reported depreciation, thus raising the question whether the amount of depreciation deducted served to reduce taxable income. We pass the question here, under the record, as did the Supreme Court.↩